**ACHIEVE SOFTWARE CORPORATION, Plaintiff–Appellee,**

v.

**GARG DATA INTERNATIONAL, INC., Defendant–Appellant.**

No. 05–55405.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2007.*

Filed March 14, 2007.

Norman J. Baer, Esq., Anthony Ostlund & Baer, P.A., Minneapolis, MN, Jodi Cohen, Esq., Mauricio J. Rauld, Esq., Keesal Young & Logan, Long Beach, CA, for Plaintiff–Appellee.

Peter R. Afrasiabi, Esq., Christopher W. Arledge, Turner Green Afrasiabi & Arledge, LLP, Costa Mesa, CA, for Defendant–Appellant.

Before: FERNANDEZ, GRABER, and IKUTA, Circuit Judges.

### MEMORANDUM **

Plaintiff Achieve Software Corporation, an Indiana corporation, and Defendant Garg Data International, Inc., a California

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

corporation, entered into a 1997 "Software License and Service Agreement" in which they promised to settle all contractual disputes through arbitration. Garg filed a demand for arbitration of a contractual dispute in 2003. The arbitrator issued a ruling in favor of Achieve. Garg challenges the validity of the arbitrator's ruling on the ground that Achieve was ineligible to participate in arbitration because it had failed to pay California franchise taxes in 2000.

A foreign corporation that fails to pay California franchise tax forfeits its right to exercise corporate powers within the state. Cal. Rev. & Tax Code § 23301. Such forfeiture precludes the corporation from conducting intrastate business in California. *See* Cal. Corp.Code § 2203(c). But "[m]aintaining or defending any action or suit or any administrative or arbitration proceeding, or effecting settlement thereof or the settlement of claims or disputes" is not "intrastate business." *See* Cal. Corp. Code § 191(c)(1). Achieve was a corporation in good standing in Indiana at the time of the arbitration. Its failure to pay a state tax in California did not render it ineligible to participate in an arbitration conducted pursuant to the Federal Arbitration Act. 9 U.S.C. § 10(a).

AFFIRMED.